6--UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA SPENCER,

        Plaintiff,

v.

NATIONAL CITY MORTGAGE, a foreign corporation, GOLDMAN SACHS MORTGAGE COMPANY, a foreign corporation, GS MORTGAGE SECURITIES CORPORATION, a foreign corporation, GSR MORTGAGE LOAN TRUST, a foreign trust, WELLS FARGO BANK, N.A., a foreign corporation, and DEUTSCHE BANK NATIONAL TRUST COMPANY, a foreign corporation,

        Defendants.
_____/

CASE NO. 11-14214

HON. MARIANNE O. BATTANI

**OPINION AND ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Before the Court are Defendants' Motion for Summary Judgment (Doc. No. 28), and Plaintiff's Second Motion for Injunction Preventing Foreclosure (Doc. No. 34). The Court has reviewed the filings and finds oral argument will not aid in the resolution of this motion. See E. D. Mich. LR 7.1(f)(1). For the reasons that follow, the Court **GRANTS** Defendants' Motion for Summary Judgment and **DISMISSES** as moot, Plaintiff's Motion for Injunction Preventing Foreclosure.

**I. INTRODUCTION AND STATEMENT OF FACTS**

In her Second Amended Complaint, Plaintiff Barbara L. Spencer (Spencer) challenges the loan modification of a residential mortgage on property she owns with her

1

husband, located at 1010 North Glengarry Road, Bloomfield Hills, Michigan. (Doc. No. 8). In Count I, Spencer seeks to clear title, alleging that Defendants do not own the Note in question, that they have no evidence to establish which Defendant has the right to service the Note, and that National City Mortgage recorded a lien against the house, despite lacking ownership or servicing rights. (Doc. No. 8 at ¶¶ 70-75). In Count II, Spencer seeks an injunction to prevent foreclosure. (Id. at ¶¶ 76-82). In Count III, she alleges fraud arising out of Defendants' misrepresentation of ownership of the note. (Id. at ¶¶ 83-87). In Count IV, Spencer alleges a violation of Mich. Comp. Laws § 445.1762, in that Defendants engaged in fraudulent activity. (Id. at ¶¶ 88-90). In Count V, she alleges a violation of 15 U.S.C. § 1639 because Defendants' purported agent, PNC, failed to make statutory disclosures. (Id. at ¶¶ 91-94). Count VI, which the Court dismissed, advanced a claim that Mich. Comp. Laws § 750.219d was violated because Defendants produced fraudulent documents. (Id. at ¶¶ 95-98).

The facts giving rise to these claims were detailed in the Court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss and Denying Defendants' Motion for Sanctions (Doc. No. 21). A summary follows.

In October 2006, Spencer refinanced an existing loan on her home and consolidated some nonmortgage debt. She borrowed $1 million from Defendant National City Mortgage ("NCM"), a division of National City Bank ("NCB"), and executed a promissory note in that amount. As part of the loan transaction, Plaintiff and her husband executed a Mortgage on the Property.

In 2009, Plaintiff sought a loan modification. After the modification was denied based upon her income, Plaintiff requested reconsideration, based upon not only her own,

but also her husband's income. Plaintiff never signed the loan modification documents because the modification did not reflect her understanding of the agreement she had reached. (SAC at ¶¶ 17-18).

At the time Spenser made her last mortgage payment--November 2009–Defendant PNC Bank, N.A. serviced the Mortgage. Within a few months, in March 2010, Plaintiff filed suit against PNC Mortgage (PNC), a division of PNC Bank in Oakland County Circuit Court. Spenser based her claims of promissory estoppel and intentional infliction of emotional distress on the failed loan modification.

In October 2010, Plaintiff amended her state court lawsuit to add a claim to quiet title. In support of her claim, Spenser alleged that PNC Mortgage did not own the loan in question, it had no documentary evidence to establish what individual or entity owned the loan, it had no documentary evidence to establish it had the right to service the loan, and it recorded a lien against the property when it had no right to do so. (Doc. No. 28, Ex. 5 ¶¶ 33-37).

In August 2011, the state court judge dismissed the lawsuit with prejudice. (Doc. No. , Ex. 6). In dismissing the claim of quiet title, the state court reasoned that Plaintiff lacked evidence to show she had superior title.

> [PNC] notes that plaintiff granted a valid mortgage lien to defendant's predecessor, National City Bank, and the mortgage expressly states that it is enforceable by National City's successor and assigns. According to [PNC], National City sold its interest in the mortgage to Goldman Sachs Mortgage Company, but retained the right to service the mortgage. Goldman Sachs later transferred its interest in the mortgage to GSR Mortgage Loan Trust, Mortgage Pass-Through Certificate Series 2007-ARI, which is held by Deutsche Bank. PNC merged with National City Bank, and thereby acquired National City's right to service the mortgage. Defendant supports these claims with an affidavit of its Vice President Christian Martin and other documentary evidence.

3

> Plaintiff's arguments in response focus on whether [PNC] has the right to service the mortgage. Plaintiff questions the credibility of [PNC's] affiant and claims that [PNC] has failed to produce any evidence verifying Mr. Martin's claim that [PNC] is entitled to service plaintiff's mortgage. But whether [PNC] has the right to service the mortgage is irrelevant to determining who has superior title to Plaintiff's home. Plaintiff presents no evidence that the lien granted to National City is invalid, it was not validly assigned to the current lien holder, or plaintiff's interest in the property is superior to that of the lien holder. Because plaintiff has not presented a prima facie claim for superior title, her quiet title action fails as a matter of law.

(Doc. No. 11, Ex. 6).

Plaintiff moved for reconsideration, and, while the motion was pending, she filed her lawsuit in federal court. PNC Mortgage is not a defendant in the federal law suit, which includes as Defendants, NCM, Goldman Sachs Mortgage Company, GS Mortgage Securities Corporation, GSR Mortgage Loan Trust, Wells Fargo Bank, N.A., and Deutsche Bank National Trust Company, the intervening assignees of the Note, the Master Servicer, and the Trustee of the mortgage trust that holds the Note. Defendants moved for dismissal of the second amended complaint on several grounds, including res judicata. Because Defendants failed to address all of the elements required to prevail on their res judicata argument, the Court rejected it.

## II. STANDARD OF REVIEW

Summary judgment is appropriate only when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, (1986). Rule 56 mandates summary judgment against a party who fails to establish the existence of an

element essential to the party's case and on which that party bears the burden of proof at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323.  Once the moving party meets this burden, the non-movant must come forward with specific facts supported by affidavits or other appropriate evidence establishing a genuine issue for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(c)(1)(A).  In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).  The Court "must lend credence" to the non-moving party's interpretation of the disputed facts. Marvin v. City of Taylor, 509 F.3d 234, 238 (6th Cir. 2007) (citing Scott v. Harris, 127 S.Ct. 1769, 1775 (2007)).  The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice.  Rather, there must be evidence on which the jury could reasonably find for the non-moving party.  Hopson v. DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

## III.  ANALYSIS

Before turning to the merits of the request for summary judgment, the Court addresses how to characterize the motion.  Plaintiff maintains the motion should be characterized as an untimely motion for reconsideration, in light of Defendants' failure to prevail on res judicata grounds in their motion to dismiss the Second Amended Complaint. The Court disagrees.  It did not hold that res judicata was inapplicable, only that Defendants failed to meet their burden.  Consequently, the Court discusses the merits below.

Res judicata precludes relitigation of a final judgment on the merits in a subsequent law suit. Res judicata is appropriate when all of the following elements are met: (1) there is a prior final decision on the merits; (2) the present action involves the same parties or their privities; (3) the present action involves an issue that was litigated or should have been litigated in the previous action. Sewell v. Clean Cut Mgmt., Inc., 621 N.W.2d 222, 225 (Mich. 2001). The doctrine bars "every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." Id. The first element is not in dispute. Therefore, the Court directs its attention to the second element: whether Plaintiff's federal law suit involves the same parties or their privities.

**A. Privity**

Under Michigan law, a party in privity is "one who, after rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession or purchase." Howell v. Vito's Trucking & Excavating Co., 191 N.W.2d 313, 316 (Mich. 1971); see also Bates v. Township of Van Buren, 459 F.3d 731, 735 (6th Cir. 2006) ("To be in privity is to be so identified in interest with another party that the first litigant represents the same legal right that the later litigant is trying to assert). The outer limit of the doctrine traditionally requires both [1] a 'substantial identity of interests' and [2] a 'working functional relationship' in which [3] the interests of the nonparty are presented and protected by the party in the litigation". Id.

Here, the gist of Plaintiff's argument is that Defendants lack a "mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right." Sloan v. City of Madison Heights, 389 N.W.2d 418, 422 (Mich.1986) (quotation omitted). Specifically, Spencer

challenges the documents supporting privity. The same documents were provided to Plaintiff during discovery in the state court action, and she raised the same challenges to the documents that she raises here. Moreover, Defendants in this action were identified in those documents produced by the defendant in the state court action in defending Spencer's claim that she was entitled to quite title.

PNC Mortgage, the defendant in the state court litigation, is the successor by merger to National City Mortgage, one of the Defendants in this action. The Note was issued to, and the original mortgagee under the Mortgage was, National City Mortgage, a division of National City Bank. (Doc. No. 28, Ex. 2). On December 5, 2007, the Mortgage was assigned to National City Mortgage Company, a subsidiary of National City Bank. (Doc. No. 28, Ex. 10). On December 31, 2008, National City Mortgage Company merged with PNC Bank, N.A. (Doc. No. 28, Ex. 12). Under federal law, PNC Bank, N.A. and National City Mortgage Company are one and the same entity. See 12 U.S.C. §215(a)(e). See also Sesi v. Federal Home Loan Mortg. Corp., No. 12-10608, 2012 WL 628858, at *6 (E. D. Mich. Feb.27, 2012) (observing that when a "mortgage is transferred through merger, there is no need to record the assignment in order for the surviving entity to have authority to foreclose, because the surviving entity has 'stepped into the shoes' of the entity that held the mortgage before the merger"). Without question privity is satisfied as to these entities.

According to Defendants, the remaining entities are in privity with PNC as they are subsequent holders, assignees, or servicers of the Mortgage Loan. The documents establishing this fact were produced to Plaintiff during the state court lawsuit. The relationship to the property at issue is reflected by the following agreements. First, on January 1, 2006, National City Mortgage entered into an agreement with Defendant

Goldman Sachs Mortgage Company ("GSMC") wherein National City Mortgage Company agreed to sell and GSMC agreed to purchase "[f]rom time to time, those certain mortgage Loans identified in a Mortgage Loan Schedule, at the price and on terms set forth herein and the related Commitment Letter." (Doc. No. 28, Ex. 13, hereinafter the "Flow SWSA"). Pursuant to the Flow SWSA, National City Mortgage would package and sell certain loans, at various times and those mortgages were reflected on a Loan Schedule. (Id. at § 2.4). The Loan Schedule is a comprehensive spreadsheet with information regarding numerous borrowers. Further, under the Flow SWSA, National City Mortgage continued as the servicer. (Id. at § 4.1).

Next, on January 1, 2007, National City Mortgage as servicer, Goldman Sachs Mortgage Company as assignor, and GS Mortgage Securities Corporation, as Assignee, entered into an Assignment, Assumption and Recognition Agreement (the "GSMC Mortgage Assignment") in which Goldman Sachs Mortgage Company agreed to assign to GS Mortgage Securities Corporation all of its rights, title and interest in and to the Mortgage Loans. (Doc. No. 28, Ex. 14). The Flow SWSA remained in full force and effect. (Id. at ¶ 7).

On the same date, GS Mortgage Securities Corporation as Assignor, Deutsche Bank National Trust Company, as Assignee and Trustee, National City Mortgage Company as Servicer and Wells Fargo Bank, N.A. as Master Servicer entered into an Assignment, Assumption and Recognition Agreement. (Doc. No. 28, Ex. 15). Under the terms, all of the residential adjustable rate mortgage loans purchased by GS Mortgage Securities Corporation pursuant to the GSMC Mortgage Assignment were transferred to Defendant GSR Mortgage Loan Trust, Mortgage Pass-Through Certificate Series 2007-AR1, and GS

Mortgage Securities Corporation agreed to assign its rights under the mortgage loans and the Flow SWSA as well. (Id.).

Lastly, Barbara Campbell, Vice President of Deutsche Bank National Trust Company, acknowledged the agreements, and noted that pursuant to the second assignment, the Trustee became the owner, on behalf of the certificateholders of the Trust, of the mortgage loan on Spencer's property. She included a redacted Mortgage Loan Schedule identifying the subject loan as part of the trust. (Doc. No. 28, Ex. 16). In addition, Christian Martin, a Vice President with PNC Mortgage, confirmed the agreements between the various Defendants. (Doc. No. 28, Ex. 7).

Even if there were a technical problem with the various assignments, it is clear that Defendants are named in this lawsuit because of their successive interests in the property at issue in this lawsuit. Privity is established.

In addition to Defendants' failure to address privity in their previous motion, they did not meet their burden to show the claims advanced in this case could have been raised in the state court action. Consequently, the Court considers the third element below.

**B. Litigation of the claims**

Res judicata bars every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not. The purpose if prevention of "multiple suits litigating the same cause of action." Adair v. State, 680 N.W.2d 386, 396 (Mich. 2004). To that end, the third res judicata element is satisfied as the claims asserted in this case could and were adjudicated in the original case.

Here, the documents relied upon to establish privity were produced during the course of the state litigation in order to defend Spencer's quiet title claim. Specifically, Spencer had

the documents for more than seven months before the law suit was resolved. Thus, Spencer could have and did challenge the documents. Her state court claim of quit title and her federal claims arise from the same mortgage transaction.

In sum, all of the elements are present in this case. The Oakland County Circuit Court granted summary disposition of Plaintiff's claims. (Doc. No. 28, Ex. 9). That case involved PNC Mortgage which is in privity with the parties here, and all the issues raised by Plaintiff here were or should have been raised in the state court action. The causes of action raised in state and federal court all arose out of the same transaction or series of transactions or arose out of the same core of operative facts. All of Plaintiff's claims relate to the subject mortgage. Therefore, Defendants have met their burden to show entitlement to summary judgment.

## IV.  CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' Motion. Therefore, Plaintiff's Motion for Preliminary Injunction is **DISMISSED** as moot.

**IT IS SO ORDERED.**

                                            s/Marianne O. Battani
                                              MARIANNE O. BATTANI
                                            UNITED STATES DISTRICT JUDGE

DATE: January 22, 2013

CERTIFICATE OF SERVICE

Copies of this Order were mailed and/or e-filed to counsel of record on this date.

<u>s/Bernadette M. Thebolt</u><br>
Case Manager